**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 97-4792

HENRY GRANTHAM,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-97-6)

Submitted: June 9, 1998

Decided: August 5, 1998

Before WILKINS and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher D. Janelle, HENRY, TAYLOR & JANELLE, Martins-
burg, West Virginia, for Appellant. William D. Wilmoth, United
States Attorney, Zelda E. Wesley, Assistant United States Attorney,
Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Grantham pled guilty to one count of distributing crack cocaine. Grantham's only contention in this appeal is that the sentencing court erred by refusing to reduce his offense level based on acceptance of responsibility because of his continued drug use while on pretrial release. See U.S. Sentencing Guidelines Manual § 3E1.1(a) (1995). It is undisputed that Grantham, after he had entered into a plea agreement and while on pretrial release, submitted two positive urine screens for cocaine during a period of approximately two months. We find that the district court properly denied a reduction for acceptance of responsibility under USSG § 3E1.1 based on Grantham's continued drug use following his arrest and prior to sentencing. See United States v. Underwood, 970 F.2d 1336, 1338-39 (4th Cir. 1992) (holding that continued use of marijuana after entering into plea agreement was proper grounds to deny acceptance of responsibility). Moreover, Grantham cites no authority for his position that his continued drug use should be excused because of his addiction to drugs, and we find such position lacking in merit. Thus, we find that the district court did not clearly err, see United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991), by finding that Grantham was not entitled to a reduction in his offense level for acceptance of responsibility based on his continued drug use following his arrest and prior to sentencing. Accordingly, the order of the district court is affirmed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED